IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CR-244-BR
No. 5:16-CV-78-BR

| | |
|---|---|
| ANTHONY ARTIS, )<br>      Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>      Respondent. ) | ORDER |

This matter is before the court on petitioner's motions.

By way of relevant background, in 2014, petitioner pled guilty to conspiracy to commit Hobbs Act Robbery in violation of 18 U.S.C. § 1951 (Count 1) and aiding and abetting the possession of a firearm in furtherance of a crime of violence, as alleged in Count 1, in violation of 18 U.S.C. §§ 2 and 924(c) (Count 2). In 2016, he filed a 28 U.S.C. § 2255 motion. (DE # 32.) In that motion, including amendments thereto, petitioner alleged claims of prosecutorial misconduct, ineffective assistance of counsel, and violation of his right to due process based on the decision in Johnson v. United States, 135 S. Ct. 2551 (2015). On petitioner's motions, the court allowed him to withdraw his ineffective assistance of counsel claims and held in abeyance the remainder of his § 2255 motion pending a decision in United States v. Simms, 914 F.3d 229, 236 (4th Cir. 2019). (DE # 63.) Once the Fourth Circuit Court of Appeals issued that decision, the court stayed this proceeding pending a decision in United States v. Davis, 903 F.3d 483 (5th Cir. 2018), cert. granted, 139 S. Ct. 782 (2019). (DE # 66.) The Supreme Court recently issued that decision. United States v. Davis, No. 18-431, 2019 WL 2570623 (U.S. June 24, 2019).

In light of Davis, petitioner filed a motion to lift the stay, vacate his conviction on Count 2, and set a resentencing hearing on Count 1. (DE # 67.) The government filed a response,

indicating its agreement that, in light of Davis, petitioner's conviction on Count 2 is not valid, but stating it could not agree to immediate resentencing on Count 1 because the allegations of prosecutorial misconduct, which are contained in petitioner's § 2255 motion and which it disputes, have not been withdrawn or adjudicated by the court. (DE # 68.) Petitioner then filed a motion to withdraw his prosecutorial misconduct claim, representing that the government has no objection to the motion. (DE # 69.)

Petitioner's motions to lift the stay and for resentencing and to withdraw his prosecutorial misconduct claim are ALLOWED. Petitioner's § 2255 motion, to the extent he alleges a Johnson claim, is ALLOWED. The judgment entered 12 March 2015 and petitioner's conviction on Count 2 are VACATED. Resentencing on Count 1 is SET for 29 July 2019. The U.S. Probation Office is DIRECTED to file a memorandum setting forth any revisions to the Presentence Report, (DE # 27).

This 2 July 2019.

W. Earl Britt
Senior U.S. District Judge